# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5293 | **DATE** | 10/6/2004 |
| **CASE TITLE** | Waldock vs. M J Select | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Oceanic, Clowes and Rahming's motion to dismiss (R. 92-1) is granted in part and denied in part. The Waldock Plaintiffs have until 30 days after the Court rules on all Defendants' outstanding motions to dismiss in this case to file a Second Amended Complaint addressing the deficiencies identified in this memorandum. The Oceanic Defendants do not have to answer the First Amended Complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 07 2004 | |
| | Notified counsel by telephone. | | date docketed | 179 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | 2004 OCT -6 PM 3:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 7 2004

JOHN H. WALDOCK, solely as Trustee )
of the John H. Waldock Trust, et al., )
                                      )
              Plaintiffs,             )
                                      )    No. 03 C 5293
      v.                              )
                                      )
M.J. SELECT GLOBAL, LTD., a Bahamian  )
investment company now in Liquidation, et al., )
                                      )
              Defendants.             )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiffs have filed a First Amended Complaint ("FAC") against multiple Defendants alleging a fraudulent investment scheme in connection with the purchase of shares in M.J. Select Global, Ltd. ("M.J. Select"), a Bahamian mutual fund. Plaintiffs have sued Defendants Oceanic Bank and Trust, Ltd., Kenneth Clowes, Terah Rahming and others for losses resulting from their investments in the fund. Defendants Oceanic, Clowes and Rahming have moved to dismiss the FAC. The Oceanic Defendants seek to dismiss the FAC for lack of personal jurisdiction, lack of standing and failure to state a claim. The Court grants their motion in part and denies it in part.

### BACKGROUND

This case is related to *Zurich Capital Markets Inc. v. Coglianese, et al.*, No. 03 C 7960, (the "ZCM Case"), also pending before this Court. The Court recently addressed similar motions in that case. *See Zurich Capital Markets Inc. v. Coglianese, et al.*, No. 03 C 7960, 2004 WL 2191596 (N.D. Ill. Sept. 22, 2004).(the "September 22, 2004 Opinion") and *Zurich Capital Markets Inc. v. Coglianese, et al.*, No. 03 C 7960, 2004 WL 1881782 (N.D. Ill. Aug. 2, 2004)

179

(the "August 2, 2004 Opinion"). Although the ZCM Case involves different plaintiffs and a different complaint, because many of the allegations are similar to the ones in this case and because both cases are based on investments in the same allegedly fraudulent scheme, the Court's reasoning in its September 22, 2004 and August 2, 2004 Opinions applies equally to many of the issues in this case.

I.  **The Plaintiffs**

The Plaintiffs in this case all invested in M.J. Select, and lost all or substantial portions of their investments. Plaintiffs include: John H. Waldock, solely as Trustee of the John H. Waldock Trust; Mary Jane S. Hill and John E. Rosino, solely as Trustees of the Andrew W. Waldock Trust, John H. Waldock, Jr. Trust, Julia Wright Waldock Trust, Cameron Douglas Waldock Trust, Gary Phillip Liebenthal, II Trust, Samuel Louis Waldock Trust, Benjamin Nicholas Waldock Trust, Dustin J. Houck Trust, Daniel R. Houck Trust, Erik J. VanDootingh Trust, Ian A.VanDootingh Trust, John H. Waldock, II Trust, Andrew W. Waldock, Jr. Trust, Christopher J. Waldock Trust; 766347 Ontario Ltd., a Canadian corporation; The James F. Boughner Foundation, a Canadian corporation; Ed Pettegrew, Sr., a citizen of Florida; David Miller a citizen of California, John A. Copeland, as Trustee under a trust agreement dated April 18, 1988; Jack C. Kenning and Barbara Straka-Kenning, citizens of Ohio; Robert M. Warner, Sr. individually and as beneficiary of Independent Trust Corporation Trust, for Adam Scott Warner and for Robert Warner, Account No. 263 in the name of Adam S. Warner and Account No. 264 in the name of Andrew Robert Warner; and George Lukas, a citizen of New Jersey. Collectively, Plaintiffs are referred to as the "Waldock Plaintiffs" or "Plaintiffs."

## II. The Oceanic Defendants

Plaintiffs have sued multiple Defendants, including Oceanic Bank and Trust Limited ("Oceanic"), Terah Rahming and Kenneth Clowes. Defendants Oceanic, Clowes, and Rahming are collectively referred to as the "Oceanic Defendants." Oceanic is a bank and trust company with its principal offices located in Nassau, Bahamas. It acquired New World Trustees Limited, effective May 1, 1998. Effective December 31, 1999, Oceanic and New World merged under the name of Oceanic Bank and Trust Limited.

Rahming was an officer and employee of Oceanic. In 1997, Oceanic appointed Rahming as its Manager of Fund Services. She also served as a director of M.J. Select, and administered its affairs. She is a graduate of Florida Memorial Collect and licensed as a certified public accountant by the Board of Accountancy of the State of Colorado.

Clowes was the Chief Operating Officer of Oceanic. In addition, he served as a director of M.J. Select, and administered its affairs.

## III. The Alleged Scheme[1]

The Waldock Plaintiffs allege that Defendants participated in a complex scheme to defraud M.J. Select's investors. They contend that Defendants used false and misleading offering materials to induce Plaintiffs to invest in M.J. Select. Plaintiffs allege that Defendants falsely represented that M.J. Select followed a "market neutral" trading approach and that its investors could redeem their investments on fifteen days notice. Plaintiffs further allege that Defendants funneled their investments through a series of foreign entities, and then illegally

---

[1] For a more detailed discussion of the alleged scheme, *see* the Court's September 22, 2004 and August 2, 2004 Opinions.

placed them into illiquid investments. In total, Plaintiffs assert that they lost approximately $9.8 million through the allegedly fraudulent scheme.

Plaintiffs allege that Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, Section 20(a) of the Exchange Act, the Investment Company Act of 1940, 15 U.S.C. §§ 80a-7, 80a-46 and 80a-47, and various state law claims. The Oceanic Defendants seek to dismiss each of the claims stated against them.

## ANALYSIS

### I. Legal Standards

The Oceanic Defendants bring this motion pursuant to Rules 12(b)(2) and 12(b)(6). A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). A plaintiff has the burden of demonstrating the existence of personal jurisdiction over a defendant. *Jennings v. AC Hydraulic A/S*, No. 03-2157, 2004 WL 1965661, at *1 (7th Cir. Sept. 2, 2004); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). A plaintiff need only make a prima facie case that jurisdiction over a defendant is proper. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In determining whether a plaintiff has met this burden, a court may consider affidavits from both parties. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

A Rule 12(b)(6) "test[s] the sufficiency of the complaint." *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court views "the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those

allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him or her to relief. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

## II. Personal Jurisdiction

The Court addressed the issue of personal jurisdiction in its September 22, 2004 Opinion. Each of the Oceanic Defendants has sufficient contacts with the United States to satisfy the due process clause and to establish this Court's personal jurisdiction over Plaintiffs' securities fraud claims. *See Zurich Capital Markets, Inc. v. Coglianese*, No. 03 C 7960, 2004 WL 2191596, at **5-7 (N.D. Ill. Sept. 22, 2004). As noted in that Opinion, the Court also will assert personal jurisdiction over the state law claims under the doctrine of "supplemental" or "pendent" personal jurisdiction. *Id. See also Robinson Eng'g. Co., Ltd. Pension Plan & Trust v. George*, 223 F.3d 445, 449-50 (7th Cir. 2000). Finally, Rahming's and Clowes's claims for protection under the fiduciary shield doctrine fail. *Id.* at **7-8.

## III. Standing

The Court addressed the standing issue in its September 22, 2004 Opinion and its August 2, 2004 Opinion. Defendants' motion to dismiss for lack of standing is denied.

## IV. Federal Securities Fraud Claims

In Count I, Plaintiffs have included both Section 10(b) primary liability and Section 20(a) control person allegations against the Oceanic Defendants.

### A. Section 10(b) Liability

In order to state a claim for securities fraud under Section 10b, Plaintiffs must allege that

5

Defendants made (1) a false statement or omission; (2) of a material fact; (3) with scienter; (4) in connection with the purchase or sale of securities; (5) upon which Plaintiffs justifiably relied; and (6) the reliance proximately caused Plaintiffs' damages. *In re HealthCare Compare Corp. Sec. Litig.*, 75 F.3d 276, 280 (7th Cir. 1996). The Section 10(b) liability in Count I is premised on allegedly false statements in M.J. Select's offering memorandum. The Oceanic Defendants correctly note that Plaintiffs have failed to attribute any of these allegedly false statements to the Oceanic Defendants. Plaintiffs' allegations that Oceanic distributed the false offering memorandum, participated in the distribution of the false offering documents, and had involvement in the promotion and sale of M.J. Select's shares do not suffice to attribute any misrepresentations to Oceanic, Rahming or Clowes. *See Central Bank of Denver, N.A. v. First Interstate Bank*, 511 U.S. 164, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994) (no aiding and abetting liability exists under Section 10(b)). Plaintiffs Section 10(b) claim in Count I against the Oceanic Defendants is dismissed without prejudice.

### B. Section 20(a)

In Count I, Plaintiffs also allege that the Oceanic Defendants were control persons of M.J. Select pursuant to Section 20(a) of the Exchange Act. In order to allege a Section 20(a) claim, Plaintiffs must allege (1) a primary securities violation; (2) each of the individual defendants exercised general control over the operations of M.J. Select; and (3) each of the individual defendants "possessed the power or ability to control the specific transaction or activity upon which the primary violation was predicated, whether or not that power was exercised." *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 881 (7th Cir. 1992). Plaintiffs' allegations must comply with Rule 9(b)'s particularity mandates. Defendants challenge each element of

Plaintiffs' Section 20(a) claim.

The primary securities violation is premised on false and misleading statements made in the M.J. Select Offering Memorandum and in connection with the purchase of M.J. Select shares. Although Plaintiffs have not alleged a Section 10(b) violation against the Oceanic Defendants, they have stated with sufficient particularity a primary violation against co-defendant Michael Coglianese.

Plaintiffs' specific and general control allegations are equivalent to those in the Amended Complaint in the ZCM Case. For the reasons set forth in the Court's September 22, 2004 Opinion, Plaintiffs have adequately alleged general and specific control on behalf of each of the Oceanic Defendants.

### C. Statute of Repose

The Sarbanes-Oxley Act provides the limitations period for claims involving "fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws" to two years after the discovery of the facts constituting the violation and within five years after such violation. Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 804, 116 Stat. 745, 801 (2002) (to be codified at 28 U.S.C. 1658(b)). Because Plaintiffs commenced this action on July 30, 2003, the five year statute of repose bars any claim based on a "violation" occurring before July 30, 1998.

Plaintiffs have conceded that the statute of repose bars their federal securities claims based on purchases of M.J. Select made prior to July 30, 1998. Accordingly, the claims of Waldock, Mary Jane S. Hill and John E. Rosino, 766347 Ontario Ltd., Ed Pettegrew and George Lukas that are based on pre-July 30, 1998 purchases are dismissed with prejudice.

With respect to post-July 30, 1998 purchases, the parties dispute the triggering event for the statute of repose. Namely, they argue over the meaning of "violation." There is a dispute among courts in this district regarding the definition of a violation and the commencement of the statute of repose. *Compare Wafra Leasing Corp. v. Prime Capital Corp.*, 192 F.Supp.2d 852, 864 (N.D. Ill. 2002) ("[V]iolation for the purpose of the Rule 10b-5 statute of repose occurs when the defendant makes a misrepresentation in connection with the sale or purchase of securities; the sale itself need not have occurred to start the running of the repose period."); *Antell v. Arthur Andersen LLP*, No. 97 C 3456, 1998 WL 245878 at *5-6 (N.D. Ill. May 4, 1998) (holding that "the three-year repose period for Section 10(b) and Rule 10b-5 claims begins to run when a defendant makes an affirmative mispresentation"), *with Otto v. Variable Annuity Life Ins. Co.*, 816 F.Supp. 458, 461 n.3 (N.D. Ill. 1992) ("[A] violation of § 10(b) and Rule 10b-5 is comprised not only of a misrepresentation or omission of material fact, but also includes the purchase or sale of any security.") (citations and quotations omitted). The Court agrees with the reasoning of those cases holding that the statute of repose is triggered for a Section 10(b) and Rule 10b-5 violation when the defendant makes the misrepresentation or omission in connection with the sale or purchase of a security to a particular plaintiff. *See also Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 604 (S.D. Ohio 2003).

Plaintiffs filed their complaint in this case on July 30, 2003. Any claims based on misrepresentations made to a Plaintiff before July 30, 1998 are therefore barred under the five year statute of repose. As pled in the FAC, Plaintiffs allege that Defendants made multiple misrepresentations that some Plaintiffs received before July 30, 1998. Accordingly, the following claims are barred by the statute of repose: Section 10(b) claims based on the July 29,

8

1997 misrepresentations made to Plaintiff John Waldock; those based on the August 28, 1997 misrepresentations to Mary Jane S. Hill and John E. Rosino; those based on the October 1, 1997 misrepresentations to 766347 Ontario; Section 10(b) claims based on the October 1, 1997 misrepresentations to Jame Boughner Foundation; those based on the May 1998 misrepresentations to Ed Pettegrew, Sr.; and claims based on the March 1996 misrepresentations made to George Lukas.

### D.     Investment Company Act

Count II seeks rescission and recovery of damages under an unjust enrichment theory pursuant to Section 47(b) of the Investment Company Act of 1940 ("ICA"). 15 U.S.C. §§ 80a-7, 80a-46 & 80a-47. Section 7(d) of the ICA provides that

> No investment company, unless organized or otherwise created under the laws of the United States or of a State...shall make use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to offer for sale, sell, or deliver after sale, in connection with a public offering, any security of which such company is the issuer.

15 U.S.C.§ 80a-7(d). Section 47 of the ICA provides that "[a] contract that is made, or whose performance involves a violation of this subchapter, is unenforceable by either party." 15 U.S.C. § 80a-46(b)(1). It further provides that to the extent that such a contract has been performed "a court may not deny rescission at the insistence of any party unless such court finds that under the circumstances denial of rescission would produce a more equitable result than its grant and would be inconsistent with the purposes of this subchapter." 15 U.S.C. § 80a-46(b)(2).

Oceanic argues that it was not an "issuer" under the ICA. The ICA defines "issuer" as "every person who issues or proposes to issue any security, or has outstanding any security which

9

it has issued." 15 U.S.C. § 80a-2(22). Plaintiffs do not allege that the Oceanic Defendants issued or proposed to issue the shares of the securities at issue in this case. Even though Plaintiffs allege that the Oceanic Defendants were part of an organized group of persons – including some "persons" who issued the securities in question – such allegations do not make the Oceanic Defendants the issuers of the securities. Accordingly, Count II fails.

## V.     Illinois Securities Act (Count III)

Count III alleges that the Oceanic Defendants violated the Illinois Securities Law of 1953 (the "Act"), 815 ILCS 5/12 & 5/13 (2002). Under the Act, "[e]very sale of a security made in violation of the provisions of this Act shall be voidable at the election of the purchaser . . . and the issuer, controlling person, underwriter, dealer or other person by or on behalf of whom said sale was made, and each underwriter, dealer, or salesperson who shall have participated or aided in any way in making the sale . . . shall be jointly and severally liable to the purchaser." 815 ILCS 5/13A. Because Plaintiffs allege that Oceanic, Rahming and Clowes "owned beneficially such number of outstanding securities that enabled them to elect a majority to the board of directors of M.J. Select," Plaintiffs have alleged that each of the Oceanic Defendants is a "controlling person" as defined by the Act.[2] *See* 815 ILCS 5/2.4 (defining controlling person as "any person offering or selling a security, or group of persons acting in concert in the offer or sale of a security, owning . . . such number of outstanding securities of the issuer of such security as would enable such person, or group of persons, to elect a majority of the board of directors or other managing body of such issuer"). Defendants' allegations that they did not own any shares

---

[2] These allegations are in contrast to the allegations in the ZCM Case where ZCM only alleged that Oceanic selected the directors for M.J. Select. ZCM did not allege anything regarding ownership of M.J. Select shares.

10

of M.J. Select raise an issue of fact that is not appropriate for the Court to determine at this stage.

Oceanic also contends that Plaintiffs failed to provide timely notice as required under the Act. The Act requires Plaintiffs to give notice of election to void and rescind their purchase or sale of securities "to each person from whom recovery will be sought" within six months after they have knowledge that the purchase or sale is voidable. 815 ILCS 5/13(B). "The six month rule regarding notice is not a statute of limitations, but rather, an equitable feature built into the statute to protect against stale claims." *Martin v. Orvis Bros. & Co.*, 25 Ill. App. 3d 238, 246, 323 N.E.2d 73, 79 (1974). A complaint containing sufficiently specific allegations may serve as notice of an election to void and rescind the purchase or sale of securities. *Norville v. Alton Bigtop Restaurant, Inc.*, 22 Ill. App. 3d 273, 384, 317 N.E.2d 391 (5th Dist. 1974).

Defendants correctly note that the allegations in the FAC establish that Plaintiff Miller failed to provide timely notice. David Miller admits that he knew the sales were voidable as of December 20, 2001, yet he did not provide notice to the Oceanic Defendants until July 30, 2003. Accordingly, Count III is dismissed regarding Miller. Furthermore, Plaintiffs 766347 Ontario Ltd., James Boughner Foundation, John H. Waldock, Mary Jane S. Hill and John E. Rosino had knowledge of their right to rescind on April 5, 2000, but they failed to give Defendant Clowes notice until July 30, 2003. Accordingly, these Plaintiffs' claims in Count III are dismissed as to Defendant Clowes.

Based on the allegations in the FAC, Plaintiffs Ed Pettegrew, Sr., Jack C. Kenning and Barbara Straka-Kenning, Robert M. Warner, Sr. and George Lukas provided timely notice to each Defendant of their right to rescind. Thus, Count III stands as to these Plaintiffs.

Finally, both parties agree that the limitations period for rescission under the Act is five

years. Any purchases made before July 30, 1998 are therefore time-barred.

## VI.    Unjust Enrichment (Count VII)

For the reasons set forth in the Court's September 22, 2004 Opinion, the Oceanic Defendants' motion to dismiss on this count is denied.

## VII.    Equitable Accounting (Count VIII)

In Count VIII, Plaintiffs seek the equitable remedy of an equitable accounting. To state a claim for equitable accounting, Plaintiffs "must allege the absence of an adequate remedy at law and one of the following: (1) a breach of fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Hartigan v. Candy Club*, 149 Ill. App. 3d 498, 501, 501 N.E.2d 188, 190, 103 Ill. Dec. 167 (1st Dist. 1986). Defendants argue that Plaintiffs have alleged an adequate remedy at law and have failed to allege a fiduciary duty.

Courts have broad discretion to determine whether an equitable accounting is warranted. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985). A court may order an equitable accounting when "the computation of damages involves complexities that would baffle a jury." *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 577 (7th Cir. 2004) (citing *Kirby v. Lake Shore & Mich. S. R.R.*, 120 U.S. 130, 134, 7 S. Ct. 430, 30 L. Ed. 569 (1887)). Even if Plaintiffs had alleged an adequate remedy at law, a plaintiff may plead in the alternative. *See* Fed. R. Civ. P. 8(e)(2); *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1119 (7th Cir. 1995). *See also Enter. Warehousing Solutions, Inc. v. Capital One Servs.*, No. 01 C 7725, 2002 WL 406976, at *4 (N.D. Ill. Mar. 15, 2002).

Finally, as discussed below, Plaintiffs have alleged a fiduciary duty. Count VIII stands.

## VIII. Breach of Contract (Counts IX and X)

Oceanic seeks to dismiss Counts IX and X, alleging breach of contract. Count IX is premised on Plaintiffs' Subscription Agreement with Oceanic, and Count X is based on a third-party beneficiary theory under the Administration, Registrar & Transfer Agency Agreement between Oceanic and M.J. Select.

To state a breach of contract claim, Plaintiffs must allege that: (1) a valid and enforceable contract existed; (2) the plaintiff performed according to the contract; (3) the defendant breached the contract; and (4) the breach resulted in damages. *D.S.A. Fin. Corp. v. County of Cook*, 345 Ill. App. 3d 554, 559 134 801 N.E.2d 1075, 1079 280 Ill. Dec. 130, (1st Dist. 2003) (citations omitted). In Count IX, Plaintiffs allege that Oceanic entered into subscription agreements with Plaintiffs pursuant to M.J. Select's offering documents, and that Oceanic breached its obligations under the subscription agreements. This allegation, however, is contradictory to the content of the subscription agreements, which the Court can review on a motion to dismiss. *See Albany Bank & Trust Co., v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002) (courts can consider both facts alleged in complaint and documents attached to or incorporated into a complaint when considering motion to dismiss). Where a plaintiff "relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Illinois Dep't. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002). Oceanic is not a party to the subscription agreements, and Plaintiffs have not alleged any other basis to support their breach of contract claim in Count IX. Accordingly, Count IX is dismissed without prejudice.

The third-party beneficiary contract claim in Count X stands for the reasons set forth in

13

the Court's August 2, 2004 Opinion.

## IX. Fiduciary Duty (Count XI)

For the reasons set forth in the Court's September 22, 2004 Opinion and August 2, 2004 Opinion regarding Defendant Coglianese, Count XI stands.

## X. Conspiracy to Defraud (Count XII)

In order to state a claim for conspiracy to defraud in Illinois, Plaintiffs must allege "(1) a conspiracy; (2) an overt act of fraud in furtherance of the conspiracy; and (3) damages to the plaintiff as a result of the fraud." *Bosak v. McDonough*, 192 Ill. App. 3d 799, 803, 549 N.E.2d 643, 646 139 Ill. Dec. 917, 920 (1989). Count XII pleads a conspiracy to defraud case against Defendant Oceanic, but not against Defendants Rahming and Clowes. Accordingly, Count XII is dismissed without prejudice against Rahming and Clowes.

## XI. Bahamian Law Claims (Counts XVII and XVIII)

As set forth in the Court's September 22, 2004 Opinion, these counts stand.

## CONCLUSION

The Oceanic Defendants' motion to dismiss is granted in part and denied in part. Plaintiffs have until 30 days after the Court rules on all Defendants' outstanding motions to dismiss in this case to file a Second Amended Complaint addressing the deficiencies identified in this memorandum. The Oceanic Defendants do not have to answer the First Amended Complaint.

Dated: October 6, 2004          ENTERED:

AMY J. ST. EVE
United States District Court Judge